HENRY D. EAMES & another *vs.* MARGARET E. COLLINS.

A. conveyed to B. a lot of land, and a building which stood more than twelve feet wide on the southwest corner thereof and extended a few feet over adjoining land of A. The deed provided that the building should so remain till removed by their mutual consent; and reserved to A. "a right of way of twelve feet in width on the southerly line of the lot." But A. had full access otherwise to his adjoining land, and there was no other land belonging to him, nor any public road, to which the way reserved would afford access. *Held*, that it did not extend under the building.

MORTON, J. This is an action of tort for the obstruction of a way claimed by the plaintiffs over land of the defendant in Mil-

ford.  The obstruction complained of is a shed upon the defendant's land, which for more than thirty years has extended across the extreme westerly end of the way as claimed.

Whatever right of way the plaintiffs have over the defendant's land was created by the deed of Adam Hunt to Hiram Hunt dated November 8, 1854, in which is the following clause : " It is agreed by the parties to these presents, that the small building herein conveyed, the larger part of which is standing on the southwest corner of the above described lot, is to remain where it now stands until removed by mutual consent of the parties. The said Adam Hunt reserves to himself, his heirs and assigns, a right of way of twelve feet in width on the southerly line of this lot."  At the date of this deed, the shed was in the same position it now is, except that a part of it projected over the line upon the land then owned by Adam Hunt and now owned by the plaintiffs.  This part furnished a reason for the insertion in the deed of the agreement that the shed should remain where it stood until removed by mutual consent.

It will be seen that the reservation does not fix the westerly terminus of the way.  It describes " a right of way of twelve feet in width, on the southerly line of this lot."  It does not expressly and necessarily carry the way to the extreme westerly boundary of the defendant's lot.  The question is therefore what was the intention of the parties to the deed, and in order to ascertain this the court may take into consideration not only the language of the deed, but the situation of the parties and of the thing granted, and the circumstances attending the transaction.

At the date of the deed, the convenience of Adam Hunt did not require that the way should extend to the westerly bound of his estate ; he had full access to his lot, now owned by the plaintiffs, without such extension, and there was no public road and no other land of Mr. Hunt to which the way would furnish access.  Both parties to the deed understood that the shed was to remain for an indefinite time.  The inference is very strong, that the grantees did not intend to create a right of way over land occupied by a permanent structure.  Upon the whole, we are satisfied that the deed in question did not create a right of

way which extended under the defendant's shed ; and therefore that this action cannot be maintained. As this view is decisive of the rights of the parties, it is unnecessary to consider the other questions raised at the argument.

*Judgment for the defendant.*

*H. B. Staples*, for the plaintiff.
*H. E. Fales*, for the defendant.