[No. 3,183.]

THE UNITED STATES v. A Certain Tract of Land in Monterey County, DAVID JACKS, CHARLES BROWN, T. R. HOPKINS and E. KENNEDY, Owners of the Land, and Tenants in Common.

| 47 | 515 |
|----|-----|
| 78 | 74 |
| 47 | 515 |
| 84 | 430 |

Damages in the Condemnation of Land.—If the Government, through its agents, enters wrongfully on a tract of land, and erects a building thereon which becomes a part of the realty, and then seeks to condemn the land for a public use, the owner has a right to have the value of the structure allowed to him, in the estimate of damages.

Appeal from the District Court, Third Judicial District, Monterey County.

The tract of land sought to be condemned is known as Point Pinos. The stone building, which the United States had erected on the demanded premises, was built in 1854 for a lighthouse and the residence of a lighthouse keeper, and had been used for that purpose. The defendants appealed.

The other facts are stated in the opinion.

*Patterson*, for Appellant, argued that the building, being a part of the realty, the owners thereof had a right to show its value, and cited, *Farrar* v. *Stackpole*, 6 Maine, 154; Washburn on R. P. Vol. 3, p. 338, and cases cited, Note 1, Ch. V. Sec. 4, Sub. 31.

*L. D. Latimer*, United States District Attorney for Respondent, argued, that when the Government exercised the right of eminent domain it could be required to make compensation *only*—*i. e.* to pay a reasonable price for that which it took, and that it did not in this case take the building, because it had always possessed and used it.

By the Court, Wallace, C. J.:

This proceeding, commenced in 1870, is taken by the United States, under the Act of the Legislature of this State, passed in 1859 (p. 26), to condemn a certain tract of

land, situate in Monterey County, containing about twenty-five acres in superficial area, with a roadway to and from the same.    The premises sought to be condemned are part of the rancho Punta de Pinos.

The entire rancho is some 3,300 acres in extent, and was granted by the Mexican nation to one José Armenta, from whom the defendants, Jacks and others, derive their title. The tract has been finally confirmed, and the survey thereof, including the premises now sought to be condemned, finally approved by the Federal authorities, pursuant to the Act of March 3d, 1851, entitled "An Act to ascertain and settle the private land claims in the State of California," and other Acts of Congress concerning the settlement of land claims.

It appears that, sometime in the year 1854, the United States, by its agents, entered, against the will of the owners of the rancho, upon the lands now sought to be condemned, and erected thereon a stone building, the foundations of which were set in the soil, and ever since then have occupied it and the surrounding premises, part of the rancho, against the will of the owners, for lighthouse purposes.  At the trial the defendants claimed that this building, having been tortiously erected upon, and thereby become part of, their soil and freehold, its value rightfully formed an element to be considered in fixing the amount of damages to which they were entitled.   They accordingly offered to prove its value; but the evidence offered upon this point was excluded, and the exception reserved upon this ruling of the Court below is brought up for review by the present appeal.

There can be no doubt that, upon the general principles of law, the defendants, as being owners of the fee, are also owners of the improvements and fixtures actually annexed to the soil, and these become part of it.   If one erect buildings upon the land of another voluntarily, and without any contract, he may not remove them.    This is common learning.    The law did not authorize the United States to take the possession of these lands *manu forti*, and their agents, in entering upon them and ejecting the defendants, were

mere tort feasors.   The case is, in this important respect, wholly unlike that of the *California Pacific Railroad* v. *Armstrong*, 46 Cal. 85.   In that case the road track was constructed by the railroad company while its possession of the land of the defendant was rightful, being held at the time in pursuance of pending proceedings for its condemnation ; and these proceedings having been dismissed after the construction of the track, we held that the owner of the land was not entitled to be paid the value of the track upon the subsequent renewal of proceedings of condemnation by the same company.

Judgment reversed, and cause remanded for new trial.

RHODES, J., concurring:

The principal facts on which the question in this case arises are substantially the same as those in *California Pacific Railroad Company* v. *Armstrong,* and I concur in the judgment in this case, because I am of the opinion that the doctrine on which it is based is opposed to and overthrows the doctrine of that case.

Mr. Justice NILES did not express an opinion.