## W. S. CURTIS *v.* WATSON AND VOODRY.

*Defective allegation rejected as surplussage. Construction of agreement to convey.*

1. A declaration otherwise good, is not rendered bad on demurrer by a defective allegation which may be rejected as surplussage.

2. *Held,* that the declaration sufficiently alleged that the defendants promised for themselves, and not for the corporation in which they were stockholders.

3. Also that upon the facts set forth the plaintiff was entitled to a conveyance to himself upon offer of the purchase price, and that it was immaterial whether he sold it to others.

Assumpsit. Heard upon demurrer to the declaration at the June term, 1891, Taft, J., presiding. Demurrer overruled. The defendants except.

The declaration was as follows :

" On the 7th day of January, A. D., 1890, at Hardwick in the county of Caledonia, the defendants represented to the plaintiff that they owned a majority of the stock in a certain corporation known as the Woodbury Granite Company, and were authorized by the other stockholders to enter into a contract for the sale of the property of said corporation to the plaintiff ; and in consideration of the premises, and that the plaintiff would either buy said property himself or procure other persons to purchase the same, the said defendants then and there entered into a contract in writing with the plaintiff, in the words and figures following :

W. S. Curtis *v.* Watson and Voodry.

$30,000.

We, the undersigned, do hereby agree to sell and convey to W. S. Curtis or the bearer of this agreement, all lands and property, owned and operated by the Woodbury Granite Co., together with all orders for stock not filled and delivered at time of conveyance, for the sum of thirty thousand dollars, said property to be free from all incumbranee of any kind or description.

This option shall be binding upon said company for thirty days from date of this agreement.

CHARLES A. WATSON,
L. W. VOODRY.

Dated at Hardwick, Vt., Jan. 7, 1890.

And the plaintiff avers that in consideration of the agreement aforesaid of the defendants and relying upon the same and the representations aforesaid of the said defendants (he spent his time and a large sum of money in trying to induce other persons either to purchase the property named in said agreement for themselves or jointly with the plaintiff; and the plaintiff succeeded in so doing; and the plaintiff avers that within thirty days from the 7th day of January, A. D. 1890, to wit: On the 5th day of February, A. D. 1890, the plaintiff requested the defendants to convey to him or cause to be conveyed to him the property named in the aforesaid contract; and the plaintiff avers that within thirty days from the 7th day of January, A. D. 1890, on, to wit: The 5th day of Februry, A. D. 1890, the plaintiff was ready and willing and then and there offered to pay the defendants the sum of thirty thousand dollars for the same according to agreement.

And the defendants then and there refused to convey said property named in said agreement to the plaintiff."

*Hunton & Stickney*, for the defendants.

Upon the face of the contract it bound not the defendants but the corporation. *Proctor* v. *Webber*, 1 D. Chip. 371; *Roberts* v. *Button*, 14 Vt. 195.

The defendants disclosed their agency at the time of making the contract and are not personally liable. *Royce* v. *Allen*, 28 Vt. 234; *Baldwin* v. *Leonard*, 39 Vt. 260; *Hall* v. *Huntoon*, 17 Vt. 244; 2 Kent, 834-840.

*S. C. Shurtleff*, for the plaintiff.

No tender was necessary under the agreement. *Faulkner* v. *Hubard*, 26 Vt. 452.

The opinion of the court was delivered by

MUNSON, J. The agreement which the plaintiff sues upon is signed by the defendants, but is for the sale of the property of a corporation in which they were stockholders. The defendants insist that it appears from the declaration that in executing this agreement they were acting for the corporation and that this was known to the plaintiff.

The defendants could contract to convey at a future date property of which they were not then the owners. So the fact that the property to which the agreement related was the property of the corporation was not in itself notice that the defendants were acting as its agents. Nor can the statements which accompanied the execution of the writing be construed as a representation that it was signed in pursuance of authority given by the company. The corporation could be bound to the disposal of its entire property only by corporate action; and the statements that the defendants owned a majority of the stock, and were authorized by the other stockholders to enter into the contract, were no more than an assurance that the defendants would be able to procure the property which they contracted to convey.

The declaration is not defective for the want of an allegation that the defendants intended to bind themselves personally, or contracted on their own behalf. The contract itself is embodied in the declaration, and is to be construed by the court; and the declaration will show a cause of action against the defendants if it be held that the terms of the contract are such as to bind the signers personally.

The agreement is that the signers will sell and convey to the plaintiff or bearer the property owned by the company for a specified sum. The signers do not style themselves agents; nor do they represent themselves as acting for the corporation, otherwise than in saying that the option shall be binding upon the company for a given time. But this clause, even if treated as the controlling expression of the agreement, can be given no other

effect, when considered in connection with the accompanying representations, than that the defendants assumed to speak for the company without having, or claiming to have, any actual authority to do so. So, whatever effect may be given the clause, the case presented by the declaration discloses no reason why the plaintiff may not hold the signers of this agreement personally liable thereon.

The other grounds of demurrer relied upon in argument cannot avail the defendants. The plaintiff's right to a conveyance was not conditioned upon his effecting a sale of a part or all of the property to others, and no averment as to the interest of others in the conveyance was essential. The plaintiff was entitled to a conveyance to himself upon making the payment required by the agreement. His right of action is established by showing that the money was procured and offered, and a conveyance to himself demanded. The allegations concerning his efforts and success in securing others to purchase are immaterial, and separable from the other parts of the declaration, and so may be treated as surplusage. The defective allegation in a declaration of matter that may be rejected as surplusage is not demurrable. 1 Chit. Plead. 230.

*Judgment affirmed and cause remanded.*