RENTON M. PERLEY, trustee, & others *vs.* CITY OF CAMBRIDGE.

Middlesex.     November 10, 1914. — March 31, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, &
CARROLL, JJ.

*Trespass. Real Property. Municipal Corporations. Damages,* For property
taken or impaired under statutory authority.

If a city unlawfully enters upon land and constructs a water conduit beneath
the surface, the conduit becomes a part of the real estate and the property of
the owner of the land.

If, at the trial of a petition against a city for the assessment by a jury of damages
sustained by the taking of an easement in land of the petitioner for the con-
struction and maintenance of a water conduit, it appears that, previous to the
taking, the city as a trespasser had entered upon the petitioner's land and had
constructed the conduit, the petitioner is entitled to a ruling that the conduit
thereby became his property, and, while the petitioner is not entitled to recover
the cost nor the value to the respondent of the conduit, nor to have his dam-
ages enhanced by the certainty, if it is a certainty, that the city would have to
make a taking of the conduit which thus had become the petitioner's property,
the existence of the conduit upon the land may be treated as an element affect-
ing the fair market value of the land so far as it would enter into the price
which would be given for the petitioner's rights in the land by a prospective
purchaser.

Where a city by right of eminent domain has taken an easement in private land
for the purpose of the construction and maintenance of a water conduit, it has
no right to prevent the owner of the land or his successors in title from mak-
ing any use of the land for the laying of sewer, water or gas pipes, which
does not interfere with the use by the city of the easement acquired by the
taking.

Where a city by right of eminent domain takes an easement in land of a private
person in another city for the construction and maintenance of a water con-
duit therein, the second city is not thereby precluded from laying out under
the highway act a street over the land in which the easement has been
acquired.

PETITION, filed on December 18, 1908, by the owners of Clark
Street, an unwrought private way in Waltham, and of land adja-
cent thereto on both sides, for the assessment of damages re-
sulting from the taking by the city of Cambridge under the
power of eminent domain granted by St. 1884, c. 256, of an ease-
ment for the laying of a water main.

In the Superior Court the case was tried before *Wait*, J.

The record states, "The conduit was constructed in said Clark Street by the respondent as trespasser about one year before the taking of the land was made by the respondent."

The trial judge, subject to exceptions by the petitioners, ruled that the taking by the respondent did not give to it the right to prevent the laying of sewer, water and gas pipes in the land so long as they did not interfere with the use by the respondent of the easement taken by it, and he permitted the respondent to ask questions of its experts which assumed that to be the law.

The material evidence is described in the opinion. At the close of the evidence, the petitioners asked for the following instructions to the jury, which, subject to the exceptions by the petitioners, the judge refused to give:

"6. The pipe or conduit was placed by the defendant in the land of the petitioners in 1906 without right and as a trespasser and before the taking and the pipe or conduit then became part of the realty and the property of petitioners immediately on its being installed."

"8. Clark Street is not a public way, highway or other way within the meaning of St. 1884, c. 256, § 3, under which the taking was made by the respondent."

So much of the above mentioned section as is material is as follows: "Said city may also, for the purposes aforesaid, carry any pipe, drain or aqueduct over or under any river, watercourse, street, railroad, public way, highway or other way, in such manner as not unnecessarily to obstruct the same, and may enter upon and dig up such road, street or way for the purpose of laying down, maintaining or repairing any pipe, drain or aqueduct, and may do any other things necessary and proper in executing the purposes of this act."

At the request of the respondent and subject to exceptions by the petitioners, the judge ruled as follows:

"3. If the jury find that the natural and probable uses which the city of Cambridge shall make of the land taken will not prevent its use as a private way by the owners of the fee they will be warranted in finding that the petitioners have suffered no damage or at most, merely nominal damages."

"6. That the city of Waltham has the right under the high-

way act, notwithstanding the taking by the city of Cambridge, to lay out a highway over the land taken."

Regarding the conduit and the petitioners' sixth request, the judge instructed the jury as follows:

"There is a theoretical claim advanced here that the pipe belonged to Mr. Perley after it was put into his land wrongfully, and that if the city of Cambridge wants to take that it must pay for it. Now I am going to instruct you that you cannot take that into account in this case, that there is no right on the part of the petitioner to recover any added value of his land in consequence of the addition of that pipe to it by the city of Cambridge, even though the city of Cambridge added it at the time wrongfully. The claim in the eye of the law might be the same, would be in substance the same as if a city had taken land for a public high school we will say, suppose it had taken land and built its high school on the property and then found that its taking was invalid. There is an ordinary rule of law that if one man builds a house upon property of another person the house belongs to that other person. So it might be claimed that that public high school belonged to the owner of the land which had not been taken, and then when the city or town took it afterwards the owner might say, 'Well, now, you not only owe me for the land, but you owe me for that house which you put upon it and gave me.' Now I do not think there can be a recovery for such a thing as that, and that would be substantially the situation if there could be a recovery in this case for the pipe which was put into the land of the petitioner. You cannot take that into account here. What you have to get at, in measuring the damages of Mr. Perley and of the other people who have other interests in the land, is whether or not the market value of his property was diminished as a consequence of the acquisition of this right by the city of Cambridge. If it was, give him the amount of diminution of that market value. If it was not, do not give him anything; he has not been hurt if that is the situation."

The jury found for the respondent; and the petitioners alleged exceptions.

The case was submitted on briefs at the sitting of the court in November, 1914, and afterwards was submitted on briefs to all the justices.

*M. H. Sullivan & D. J. Maloney,* for the petitioners.

*J. F. Aylward,* for the respondent.

RUGG, C. J.   This is a petition for the assessment of damages occasioned by taking an easement for laying a water main by the respondent under the power of eminent domain conferred by St. 1884, c. 256.   The petitioners were the owners of the fee of the land within which the easement was taken.   It had been "dedicated by the owners of the fee as" a private way called Clark Street in the city of Waltham, but it was unbuilt and was passable for teams only for a portion of its length.   It was part of a large tract of land which had been plotted into streets and building lots, some of which had been sold and built upon before the events here in question.   It is stated in the bill of exceptions that "the respondent as trespasser" had entered upon Clark Street and constructed a concrete conduit for a water main about a year before the taking, which by description included the land wherein the main had been constructed.   It is stated in the respondent's brief that for this trespass an action was brought by the present petitioners and damages recovered, but this must be disregarded for there is no reference to it in the exceptions.   The respondent, as a municipality in general pursuing authority conferred by the State in supplying water, may be liable for a trespass committed by its servants outside its statutory power. *Mayo* v. *Springfield,* 136 Mass. 10.   *Aldworth* v. *Lynn,* 153 Mass. 53.

The first question is whether the conduit, having been built within the land subsequently taken by the respondent, then became a part of the real estate and the property of the petitioners, so that they are entitled to have their damages assessed on that basis.   It is familiar law that, ordinarily, when buildings or other structures are annexed to the realty in such way as to become incorporated with it by a trespasser, or without express or implied agreement to the contrary, they are a part of the land and belong to the owner who "has the right to that which is united to it by accession or adjunction."   *Peirce* v. *Goddard,* 22 Pick. 559. There are many illustrations of the application of this principle in our cases.   It was held in *Meriam* v. *Brown,* 128 Mass. 391, that where a railroad company had constructed its track over land without right, and without paying damages, and without

making a taking, and subsequently became bankrupt and abandoned the use of its roadbed, the rails had become a part of the land and could not be removed. It was said in *Hunt* v. *Bay State Iron Co.* 97 Mass. 279, that railroad rails upon private land became part of the realty in the absence of agreement to the contrary and enured to the benefit of the landowner. Buildings and other structures annexed to land by one rightfully in possession but without the consent of the owner, generally have been held to be a part of the realty. *Meagher* v. *Hayes,* 152 Mass. 228. Difficulties of this nature often arise between landlord and tenant and mortgagor and mortgagee. But the law is settled even under these circumstances that the owner of the land is the owner of the things incorporated with the realty unless there is some special agreement. *Trask* v. *Little,* 182 Mass. 8. *Mitchell* v. *Stetson,* 7 Cush. 435, 439. *Clary* v. *Owen,* 15 Gray, 522. *Southbridge Savings Bank* v. *Exeter Machine Works,* 127 Mass. 542. *Hook* v. *Bolton,* 199 Mass. 244. *Gloucester Water Supply Co.* v. *Gloucester,* 179 Mass. 365, 377, 378. *Porter* v. *Pittsburg Bessemer Steel Co. Ltd.* 122 U. S. 267.

We are able to perceive no sound reason why this well established rule should not apply in instances where a municipality enters without shadow of right and as a pure trespasser upon the land of another and without consent of the owner affixes thereto structures which in their nature become part of the realty. A municipality enjoys no special immunity in this respect not accorded in general to others. It commonly possesses the power to exercise eminent domain and thus take the property of the landowner against his will. This factor affords it the less excuse for invading tortiously rights which it may extinguish in a legal manner.

This conclusion is supported by the decisions of courts of recognized authority. *St. Johnsville* v. *Smith,* 184 N. Y. 341. *Virginia & Southwestern Railway* v. *Nickels,* 82 S. E. Rep. (Va.) 693. Similar decisions in *United States* v. *Land in Monterey County,* 47 Cal. 515, and *Graham* v. *Connersville & New Castle Junction Railroad,* 36 Ind. 463, perhaps have been distinguished or overruled by the later cases of *Albion River Railroad* v. *Hesser,* 84 Cal. 435, 439, and *McClarren* v. *Jefferson School Township,* 169 Ind. 140, 144.

If the circumstances were that the city had been lawfully in possession of the land under a defective title and in good faith or by agreement or consent had attached permanent improvements to the soil, a different question would arise which need not be decided now. See *Searl* v. *School District No. 2 in Lake County*, 133 U. S. 553, 561; *Consolidated Turnpike Co.* v. *Norfolk & Ocean View Railway*, 228 U. S. 596, 602; and R. L. c. 179, §§ 17, 18.

Numerous authorities more or less inconsistent with the conclusion here reached are collected in 2 Lewis, Em. Dom. (3d ed.) § 759, and 6 Ann. Cas. 382, 384. But so far as they are out of harmony with the principles here stated we cannot see our way to follow them.

The sixth ruling requested by the petitioners should have been granted, and so much of the charge as was contrary to this principle was erroneous.

At the new trial the petitioners will be entitled to recover for the diminution in the fair market value of their land arising from the taking of the easement. In passing upon this question the jury may consider the fact that the conduit was constructed in the portion of the way in which the easement was taken. Of course the petitioners will not be entitled to recover the cost of the conduit nor the value of it to the respondent. The existence of · the conduit upon the land may be treated as an element affecting the fair market value so far as it would enter into the price which would be given for the petitioners' rights in the land by a prospective purchaser. If it be found to be a certainty that the respondent would be bound to make the taking of this particular property, that circumstance is not an element of value. If the petitioners proceed to trial upon the theory that the diminution of the fair market value will not compensate them for the damage sustained by the taking and seek to have considered the real value for actual use upon the principles stated in *Beale* v. *Boston*, 166 Mass. 53, in this respect the rule is the same: they are not entitled to have their damages enhanced by the certainty, if it be found to be a reasonable certainty, that the city would make a taking of the property in question. *May* v. *Boston*, 158 Mass. 21. The familiar general rule of damages has been stated so fully in many cases that it need not be repeated. *Sargent* v. *Merrimac*, 196 Mass. 171.

*Smith* v. *Commonwealth,* 210 Mass. 259, and cases there cited. *McGovern* v. *New York,* 229 U. S. 363, 372. *United States* v. *Chandler-Dunbar Water Power Co.* 229 U. S. 53, 77. *Pastoral Finance Association, Ltd.* v. *The Minister,* [1914] A. C. 1083, 1088. *Cedar Rapids Manuf. & Power Co.* v. *Lacoste,* [1914] A. C. 569, 579. It may be added that if the evidence at the new trial should not differ materially from that disclosed upon the present record, the diminution in the fair market value will be the rule of damage to be followed.

The petitioners' eighth request was denied rightly as inapplicable to the issues being tried. The trial did not proceed on any theory that the respondent had laid its conduit in such a "way" as is described in St. 1884, c. 256, § 3, and hence was not liable to pay damages therefor. *Cheney* v. *Barker,* 198 Mass. 356, 362. *New York, New Haven, & Hartford Railroad* v. *Cohasset Water Co.* 216 Mass. 291. When the petitioners' right to maintain their petition depended on a taking made by the respondent on the basis that it was a private and not a public way, it would have tended only to confuse the jury to undertake to deal with law which would not aid in deciding the case. Submitting the case to the jury was a granting of all that was pertinent in that request.

The judge ruled correctly that the taking by the respondent for the purposes here disclosed did not give to the respondent the right to prevent the construction of a sewer over its conduit by any one having a right to build a sewer in the way. The respondent had constructed a cement conduit of most durable material and designed to last a long time. It was buried during its course through Clark Street on an average twenty-three feet below the surface, although for a short distance it was only two feet below the surface. The only easement acquired by the respondent was to use the land in connection with its water supply. It did not acquire the fee of the land. The structure being so constructed, it is plain that it could not prevent the owner of the fee or others empowered so to do from making reasonable structures above its conduit. *Clark* v. *Worcester,* 125 Mass. 226. *Newton* v. *Newton,* 188 Mass. 226. *Allen* v. *Boston,* 159 Mass. 324.

The third request of the respondent, in substance to the effect that the jury would be warranted in returning a verdict for the

respondent provided they found that the natural and probable uses to be made of the easement taken by the respondent would not prevent its use as a private way by the owners of the fee, was qualified by the instruction that they should consider also any interference with that use which might arise from the fact that the respondent had acquired the right to interfere with such use to some extent. It should be qualified further by the statement that the conduit laid by the city before the taking should be considered, provided it added anything to the market value of the fee of the land owned by the petitioners.

The instruction to the effect that the city of Waltham might lay out a street over the private way notwithstanding the taking of the respondent is not open to objection.

*Exceptions sustained.*