GARDNER BEALS *vs.* INHABITANTS OF BROOKLINE.

Norfolk.    January 17, 1923. — May 22, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Deed,* Construction.    *Way,* Private.    *Easement.    Sewer.    Evidence,* Competency; Opinion: expert.

The owner of a tract of land divided it into lots and a private way forty feet wide and caused a plan thereof to be recorded in the registry of deeds. At his own expense he graded and constructed the way and laid therein a sewer with manholes and a drain with catch basins and a manhole.    Thereafter he conveyed the several lots by deeds, each of which contained the provision: " together with the right to use said . . . [private way] . . . for all purposes for which streets or ways are ordinarily used as appurtenant to all the premises herein conveyed.    No part of the fee of said avenue . . . is hereby conveyed."    Subsequent deeds contained the same provisions, and none of them made any reference to rights in the sewer or the drain.    Houses were erected on some of the lots and connected with the sewer without any objection being made by the owner of the way and no payment was made for the use of the sewer except such as might have been included in the price paid for the lots by the purchasers.    *Held,* that, construing the deed in the light of the normal meaning of the words therein used and also of the conduct of the grantor and the practically interpretative subsequent conduct of the parties, the grant must be taken to have included a right to the use of the sewer and the drain without charge and without objection by the grantor.

In a petition by the owner of the private way above described against a town for the assessment of damages resulting to him when the private way was laid out as a public way, it was *held,* that

(1) In the circumstances, while evidence of the improvements in the street and their cost of replacement was admissible and might be considered as bearing upon the market value of the easement taken by eminent domain and to show its value when some other mode of valuation must be resorted to, neither such costs nor the worth of the improvements to the town could be recovered as such;

(2) The value of the use of the sewer and the drain, thus ascertained, is much less when, as here, there are outstanding easements in abutting owners, substantially equivalent to the easement taken by the town;

(3) It should not be ruled as a matter of law that nominal damages, representing only a bare infraction of a legal right without actual injury, were all that possibly could be awarded the petitioner;

(4) It was not erroneous to exclude the testimony of an expert, who was asked what the market value of the land in the street was, including the structures, and as to whom it appeared that he was familiar with real estate values in the vicinity in question and was acquainted with the street, but it did not appear that he ever had sold land with private sewers or drains in it, or that he was familiar with the cost or value of the materials used in the construction of sewers and drains, or the cost of laying them, or to what extent they would add, if anything, to the value of the land;

(5) A ruling should have been made that the petitioner was entitled to recover the fair value of the land taken, including the pipes and other structures, subject to the easement of the abutters in the use of the way, less such value, if any, as the fee, which remained in him after the taking of the easement for public use, may have had;

(6) Since all that was taken by the town was an easement, a ruling should have been made that the taking by the town did not deprive the petitioner of his title to such improvements as the sewer and the drain.

PETITION, filed in the Superior Court on March 15, 1921, for the assessment of damages alleged to have been sustained by the petitioner by the laying out of North Mason Terrace in the town of Brookline over the course of Prospect Avenue, the fee of which, subject to certain rights of abutting owners, was owned by the petitioner.

In the Superior Court the action was heard by *N. P. Brown*, J., without a jury. Material evidence is described in the opinion. The petitioner asked for and the judge granted the following requests for rulings:

" 3. The pipes and other structures in the strip of land taken for a public way were included in the taking, and the petitioner is entitled to recover the value thereof, so far as they added value to the land or had value for purposes of removal.

" 4. In awarding damages, the pipes and other structures should be considered so far as they added value to the land.

" 5. The owners of the lots adjoining the strip taken had no legal right as against the petitioner Gardner Beals to make use of the sewer in the street, prior to the taking.

" 6. The petitioner Gardner Beals is entitled to recover

the fair value of the land taken, including the pipes and other structures subject to the easement of the abutters in the use of the way, less such value, if any, as the fee which remained in him after the taking may have had."

The respondent asked for and the judge refused to give the following rulings:

"12. The taking by the respondent of the public easement for a street did not deprive the petitioner of his title to such improvements as the sewer and the drains."

"15. Many of the abutters upon the street had an easement to use the sewer at the time of the taking.

"16. Many of the abutters upon the street had an easement to use the drains at the time of the taking.

"17. Excluding such improvements as the sewer and the drains, there is no evidence that the petitioner is entitled to more than nominal damages.

"18. There is no evidence that the petitioner is entitled to more than nominal damages."

The judge found for the petitioner in the sum of $4,323.77; and the respondent alleged exceptions.

*R. C. Curtis,* for the respondent.

*P. Nichols,* for the petitioner.

CROSBY, J. This is a petition for an assessment of damages under St. 1917, c. 344, Part II (now G. L. c. 82), caused by the laying out of a public street over land of the petitioner in 1920. In the year 1899, the petitioner was the owner in fee of a large tract of land in Brookline which he divided into lots, and across which he laid out a way called, Prospect Avenue, forty feet wide. Afterwards he caused a plan to be recorded in the registry of deeds showing the lots and way. At his own expense he graded and constructed the way and laid therein a sewer with manholes, and a drain with catch basins and a manhole, at a total cost of $1,965.37. Thereafter and before this taking of Prospect Avenue for a public street, he conveyed all the lots abutting on the avenue, each deed containing the following provision: " ' together with the right to use said Prospect Avenue from land marked " Conroy " on said plan to Summit Avenue for all purposes for which streets or ways are ordinarily

used as appurtenant to all the premises herein conveyed. No part of the fee of said avenue . . . is hereby conveyed.' " The same provision is contained in all subsequent deeds executed before January 1, 1913, when St. 1912, c. 502, § 21, rendered such provision unnecessary. In none of the deeds is any reference made to sewerage rights. Three of the purchasers erected houses on the lots conveyed to them and connected them with the sewer without objection being made by the petitioner, and no payment has been made for the use of the sewer except such as may have been included in the purchase price of the land. It is agreed that at the time of the taking the fair cost of the sewer, drain and other structures as laid would be $8,012.53, and that the cost of reproduction of such sewers, drains and structures less depreciation at the time of the taking would be $7,482.35. The court found for the petitioner and assessed damages in the sum of $4,323.77. The respondent excepted to the exclusion of certain evidence, to the granting of certain requests made by the petitioner, and to the refusal to make certain rulings requested by the respondent.

The deeds give to abutters the right to use Prospect Avenue " for all purposes for which streets or ways are ordinarily used as appurtenant to all the premises herein conveyed."

In construing this language there is to be considered first the normal meaning of the words and then what may be the effect upon them of the particular surrounding circumstances in the light of the usual rules of construction.

Streets and ways are ordinarily used for the laying of drains and sewers. When a highway is laid out by public authority the right to lay common drains and sewers is among the elements for which compensation is given, and a sewer is recognized as one of the incidents of a way. *Lincoln v. Commonwealth,* 164 Mass. 1. *Lincoln v. Street Commissioners,* 176 Mass. 210, 212. The easement which the public acquires in laying out a highway " includes the use of the street for horse cars and electric cars, for wires of telegraph, telephone and electric lighting companies, and for water pipes, gas pipes, sewers and such other similar arrangements for communication or transportation as further in-

vention may make desirable." *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397, 399.

It cannot be doubted that the establishment of a public street can also include the taking of an easement in existing sewers and drains as well as of a right to build new ones. That result is being achieved in this very case. There is equally no good reason why in the creation of a private street, a grant of such a right should not occur; and under the circumstances of this case we think that this right was granted to the abutting owners besides the mere right of passage or the right to build other sewers and drains. If this conclusion is not required by the language of the deeds without more, and by the fact that the grant of an easement is usually with considerable reference to the existing state of the premises, *Richardson* v. *Bigelow*, 15 Gray, 154, *Gerrish* v. *Shattuck*, 132 Mass. 235, *Vinton* v. *Greene*, 158 Mass. 426, *Ball* v. *Allen*, 216 Mass. 469, other considerations compel it as a matter of construction.

The deeds are taken most strongly against the grantor, *Salisbury* v. *Andrews*, 19 Pick. 250, *Morse* v. *Marshall*, 13 Allen, 288, 291; and are construed in the light of the surrounding circumstances, *Salisbury* v. *Andrews, supra, Eames* v. *Collins*, 107 Mass. 594, *Bacon* v. *Onset Bay Grove Association*, 241 Mass. 417, including the whole course of conduct of Beals in establishing these improvements obviously for the benefit of these estates. The practically interpretative subsequent conduct of the parties at a not too remote period also may be considered. *Salisbury* v. *Andrews, supra. Rowell* v. *Doggett*, 143 Mass. 483, 487. *Blais* v. *Clare*, 207 Mass. 67, 70. *Bacon* v. *Onset Bay Grove Association, supra*, 423. In the case at bar this includes the use of the sewers by the grantees without charge and without objection by the grantor.

It seems highly unlikely that the grantees were intended to believe that they got no rights in the sewer but that their use thereof was to be wholly dependent upon the grantor's will and pleasure.

In *Salisbury* v. *Andrews*, 19 Pick. 250, 253, it was said: "The first observation which presents itself upon looking at

the state of the premises when Andrews conveyed to Homes and before examining the actual conveyance, is, that when a man erects a house on his own land, and makes a sidewalk in front of it, paved with brick and thereby fitted for the passage of persons and wheelbarrows, and especially if he opens doors and gates upon such passage, forming convenient means of access to different parts of the house and grounds, and adapts the construction of the house and grounds to such means of access, that it is intended, that such passage shall remain for the use and benefit of all those who hold, use or purchase the house, and that they are intended to be annexed to the house as permanent easements, and that the price of the estate will be adjusted accordingly, and estimated at the value of such a house, with such accommodations. This is the natural presumption, a priori, from the obvious adaptation of the easements to the house, by one who has, as owner, the disposing power. Still it is competent for the one to sell and the other to purchase the house, without the easements, and if this appears to be done, in clear and explicit terms, by the deed, there is no room for doubt or question. But where the language is not clear and explicit, where it is open to doubt, and the question is, what was the intent of the parties, the presumption arising from such original adaptation and annexation of the easements to the house, is of considerable importance." And in *Attorney General v. Onset Bay Grove Association*, 221 Mass. 342, 349: " If, when sales were negotiated, the defendant's officers and agents had stated or even intimated that the right to divide the open spaces into building lots after the resort should be established was reserved, there can be no doubt sales would have fallen off and very likely the whole enterprise would have been in jeopardy. . . . ' If the corporation had an intention to reserve this right, the course pursued of inviting purchasers was inconsistent with common honesty.' " *Attorney General v. Abbott*, 154 Mass. 323, 326.

The effect of these outstanding easements upon the measure of the petitioner's damages is apparent. The evidence of the improvements and their cost of replacement was ad-

missible as bearing upon the market value, or to show value when some other mode of value must be resorted to. *Beale* v. *Boston*, 166 Mass. 53. *Perley* v. *Cambridge*, 220 Mass. 507. But neither the cost of the improvements nor their worth to the city as such could be recovered. Their existence and cost are matters which might be considered " not as showing independent and distinct items to be added to his loss, (*Squire* v. *Somerville*, 120 Mass. 579,) but as elements which might be considered in determining the real value of what he had before the taking, and of what he had afterwards." *Beale* v. *Boston, supra*, at page 56. *Perley* v. *Cambridge, supra*, at page 512. And the " real value " is much less when, as here, there are outstanding easements in abutting owners, substantially equivalent to the easement taken by the town. *Boston Chamber of Commerce* v. *Boston*, 195 Mass. 338.

If possible elements of value such as, for example, a rental value for the use of the sewer in connection with other lands or for the use of the way by persons not under rights of abutting owners, or the prospect of the petitioner ever acquiring releases of the easements and being able to use the land for other or more valuable purposes, should exceed the cost of maintenance, and thereby show in him a valuable interest, he is entitled to recover damages to the extent of his loss, and it cannot be said as matter of law that nominal damages, representing only a bare infraction of a legal right without actual injury (*Hooten* v. *Barnard*, 137 Mass. 36, 37), were all that could possibly be awarded him. But his damages may be very small. If it should appear, as in *Boston Chamber of Commerce* v. *Boston, supra*, 347, that, the land being " subject to an easement nearly or quite as permanent in its nature as the easement taken for the public, and substantially the same in its effect upon the land in reference to other uses of it, very little, if any, value is taken from it by the taking of the public easement." It is to be noted that the judgment for the substantial sum of $5,000 entered in that case was in accordance with the stipulation of the parties, and was not necessarily the measure of the proper assessment of damages which the plaintiff had sustained.

We cannot say that the exclusion of the evidence of the witness Miles, who was offered as an expert, was erroneous as matter of law. He was asked what the market value of the land in the street was including the structures. It appeared that he was a real estate broker and agent for thirty years; that he dealt in real estate in Brookline and Boston and had sold real estate in the vicinity of the street in question, which had been a part of the land so sold; that he was acquainted with the street, but it did not appear that he had ever sold land with private sewers or drains laid in it, or that he was familiar with the cost or value of the materials used in the construction of sewers and drains, or the cost of laying them, or to what extent they would add, if anything, to the value of the land. In these circumstances we are of opinion that the trial judge in his discretion could properly have excluded the evidence. The facts in the case at bar are distinguishable from those in *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303, and other cases relied on by the respondent. In that case a witness was held competent to testify as matter of law as to the value of an island of sand which was used for shooting purposes. The witness had lived near it for many years and had bought and sold land in the same town for himself and others, and had been an assessor and had assessed the land in question for purposes of taxation. The difference in qualifications of the witness and those offered by the respondent in the case at bar, seems apparent. *Cochrane* v. *Commonwealth*, 175 Mass. 299. *Lawrence* v. *Methuen*, 187 Mass. 592. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527. *Commonwealth* v. *Spencer*, 212 Mass. 438, 447, 448.

The respondent's fifteenth and sixteenth requests for rulings in substance should have been given, and the petitioner's fifth request should have been denied; the respondent was not entitled to the seventeenth and eighteenth; the giving of the petitioner's third, fourth and sixth was unexceptionable. The respondent's twelfth should have been given, the taking was only of an easement, and it did not appropriate the entire title of the street or its improvements.

*Exceptions sustained.*