Whitehead, Howard J., J.
The parties agree that the decision on Omnipoint’s motion for summary judgment turns on the issue of whether the plaintiff has produced evidence of a diminution of value to her property, resulting from the construction of the subject pole, sufficient to render her a party “aggrieved” by the granting of the variance and special permit in question. Moreover, that issue turns on whether the affidavit of plaintiffs real estate appraiser, James Cassell, is competent evidence of a diminution in value.
As a general rule, “a real estate dealer or appraiser may testify as to the value of property, whether or not he has seen it or sold land in the neighborhood, if he possesses sufficient experience and knowledge of values of other similar real estate in the particular locality.” Lee Lime Corp. v. Massachusetts Turnpike Authority, 337 Mass. 433, 436 (1952). A general knowledge of real estate values, however, is not sufficient proof of competency to permit one to testify as to all real estate valuations. Id. at 437. A real estate appraiser must have knowledge or experience regarding the particular locality involved. Id. Additionally, to qualify as an expert, a real estate appraiser must have knowledge of the particular matter affecting the property’s value. See Beals v. Inhabitants of Brookline, 245 Mass. 20, 27 (1923) (excluding expert opinion of real estate broker as to change in property value due to drains and sewers on abutting land because broker lacked knowledge regarding drains and sewers). Even if an expert has the requisite knowledge and experience, conclusoiy statements as to changes in the value of land without explanation are not admissible. See Sprint Spectrum L.P. v. Board of Zoning Appeals of the Town of Brookhaven, 244 F.Sup.2d 108, 116 (E.D.N.Y. 2003) (excluding real estate appraiser’s opinion that construction of monopole would decrease the value of homes by ten to fifteen percent because the appraiser provided no support for her opinion), citing Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 496 (2d Cir. 1999); Iowa Wireless Servs. L.P. v. City of Moline, Ill., 29 F.Sup.2d 915, 922 (C.D.Ill. 1998).
Here, the plaintiff has presented an affidavit by James J. Casell, an experienced real estate broker and appraiser. Mr. Casell viewed the property as well as photographs provided by the defendant which depict Jamal Ramey’s home from multiple angles with a picture of the proposed cellular phone tower artificially placed in the background. Based on these observances, Mr. Casell opined that the property will decrease in value by five to ten percent due to the construction of the cell phone tower. Mr. Casell’s affidavit is not competent evidence of a diminution of property value for a number of reasons: (1) he has not indicated any particular knowledge or experience related to the locality of the Ramey home, excepting his viewing of the home; (2) he has not indicated any particular experience evaluating the effects on property values due to the construction of cell phone towers; and (3) his opinion regarding the diminution ofvalue of Ms. Ramey’s property is conclusory because he has provided no explanation in support of his opinion. Accordingly, Mr. Casell’s affidavit is not competent evidence of the diminution of value to Ms. Ramey’s property as the result of the construction of a cell phone tower on abutting land. The affidavit must be stricken.
Absent evidence of a diminution in the value of her property resulting from the construction of the pole, the plaintiff is unable to rebut Omnipoint’s challenge to her standing as an “aggrieved” party. Accordingly, summary judgment must be awarded to the defendants.
ORDER
For the foregoing reasons, the Motions of Defendant, Omnipoint Holdings, Inc., to Strike Affidavit of James Cassell and for Summary Judgment are ALLOWED. As the remaining defendants have joined in *407 those motions, summary judgment is ALLOWED as to them as well.