MUIR ET AL. *v.* ROBINSON.

[No. 26,349.   Filed June 28, 1933.]

*George G. Rinier, Clark & Kahl,* and *Rinier, Smith & Wickliff,* for appellants.

*Carl Humble* and *Otie E. Gulley,* for appellee.

ROLL, J.—Appellants brought an action against appellee, their complaint alleging in substance that on the 15th day of October, 1926, appellants purchased of appellee certain described real estate in Marion County, Indiana; that a warranty deed was on said date executed and delivered by appellee to appellants by which the appellee intended to convey to said appellants the

said real estate; that by mutual mistake of the parties such real estate was erroneously described in the deed so executed and delivered; that said deed was received and accepted by appellants, they believing it contained a correct description of the real estate intended to be conveyed; that on the discovery of the mistake appellants demanded of appellee that said mistake be corrected and presented to him a deed with the correct description and requested and demanded that he sign, acknowledge and deliver to appellants such deed; that appellee refused to so do. The prayer of the complaint was that the said deed made by appellee be reformed and a commissioner appointed to convey the said real estate by its correct description to appellants, for costs, and all proper relief. This action was put at issue by the parties, and the appellee, while the case was pending, filed what he denominates "his cross-complaint" in the cause wherein he alleged in substance that on the 1st day of September, 1926, he was the owner of the real estate that is described in appellants' complaint and on said day employed appellant, Oscar R. Muir, as his agent to sell or trade the same for him for the sum of $4,000.00, agreeing to pay the said Muir the sum of $200.00 to "honestly and skillfully" serve him as such agent in procuring "a good sale or trade for said property"; that said plaintiff (appellant, Oscar R. Muir) was then engaged in the real estate business in the City of Indianapolis, Indiana, and knew the value of real estate and was capable of serving appellee in such matter; that appellee was ignorant of the values of real estate and unable physically and mentally to look after his interests and protect himself in a deal or trade; that on account of his own disabilities as well as on account of the ability, knowledge and skill of appellant Oscar R. Muir, appellee employed him as his agent; that said employment was accepted with full knowledge

of the facts and reasons for same, and said appellant agreed to honestly serve appellee in making a sale or trade of appellee's real estate; that afterwards said Muir told appellee he had found a good trade for him and that he had induced the owner of certain real estate located in Marion County, Indiana, and in Tremont Gardens Addition to agree to trade such real estate, which had a value of $3,000.00, for the property of appellee, he, appellee, to be allowed the sum of $4,000.00 for his property, each property to be subject to the liens of the mortgage thereon, and the difference to be paid to appellee in cash, and that said trade would be a good trade, and a bargain; that appellee had no knowledge of the value of said real estate or of real estate in said locality but had confidence in the integrity and judgment of his agent Oscar R. Muir and relied upon the statements and representations made and believed same to be true and left the matter to the judgment of his agent and told him he was depending on his judgment and advice; that in truth and in fact said real estate in Tremont Gardens Addition was owned by appellants and they had "plotted and conspired together" to misrepresent the facts to appellee and to impose upon his confidence in his agent for the purpose of misleading, deceiving, cheating and defrauding appellee, and that they did so do; that appellee was ignorant of the facts and relied upon the statements of appellant Oscar R. Muir and believed them to be true, and believed his said agent was working in his interest as he had been employed to do; that appellee was misled and was thereby induced to sign a certain written proposition to make said trade and exchange of properties, without knowledge on his part that appellants were the owners of the property for which he was trading; that after appellee signed said written proposition appellant Oscar R. Muir accepted same in writing and that appellee did

not know until the acceptance was made that appellants were the owners of such property; that appellants, after the acceptance of said written proposition of appellee, told appellee and represented to him that he was getting a good trade, and threatened to sue appellee if he did not convey said real estate owned by him to appellants; that appellee was still ignorant of the value of appellants' real estate and relied on the statements and representations made and believed them to be true and was induced and coerced into carrying out the contract evidenced by the written proposition and its acceptance; that in truth and in fact the said property of appellants was not worth more than $1,500.00 and appellants well knew said fact at the time of said trade and exchange of properties. Damages for two thousand dollars was prayed. An answer of general denial to this "cross-complaint" was filed by appellants.

Appellants herein, after the issues were closed on both the complaint and "cross-complaint," and on the day of trial, asked and were granted leave to withdraw the answer of general denial filed by them to the cross-action filed by the appellee and such answer was withdrawn. Appellants then filed the following motion:

"The plaintiffs move the court to strike from the files in this action the cross-complaint of the defendant, Edgar W. Robinson, for the reason that the plaintiffs' action is a suit in equity to reform a deed and the defendant's cross-complaint is an action for damages arising out of tort and is not a proper matter to be litigated in this case and therefore can not be presented by way of a cross-complaint."

This motion was overruled by the court and the appellants duly excepted. Plaintiffs (appellants) then dismissed their complaint and the "cross-complaint" was submitted for trial to the court resulting in a decision and judgment in favor of appellee in the sum of

$1,200.00. Appellants filed motion for new trial which was overruled and appellants at the time each excepted.

It is stated in appellants' brief that "upon date of trial the appellee executed and delivered to appellants a deed correcting the erroneous deed," and further that after the overruling of the motion to strike from the files the "cross-complaint" of appellee that appellee "gave appellants a deed of correction which left nothing to try on the complaint and the complaint was dismissed." Appellee in his testimony at the trial testified that there was an error in the first deed he delivered to appellants and that on the morning of the day of trial he gave another deed for the correction of that error.

Errors assigned question the correctness of the court's actions in overruling the motion of appellants to strike out the "cross-complaint" of appellee and in overruling the motion for a new trial.

A consideration of the first question calls for a construction of §373, Burns Ann. St. 1926, which provides, that:

"A counter-claim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand."

The proper construction to be given to this limitation in the definition of a counterclaim has given rise to much litigation. No fixed rule can be established by which it can be determined whether the particular matter pleaded is so nearly connected with the cause of action as to fall within the meaning of the statute. It was said in the case of *Excelsior Clay Works* v. *De-Camp* (1907), 40 Ind. App. 26, 80 N. E. 981, that in construing the meaning of the above statute, the following section being §374, Burns Ann. St. 1926, should also be considered and the two construed together. Said section provides:

"If any defendant personally served with notice omits to set up a counterclaim arising out of the contract or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them, he cannot afterwards maintain an action against the plaintiff therefor except at his own cost."

Whether the averments contained in appellee's cross-complaint show that the facts upon which it is founded arises out of the transaction set forth in the complaint, is the question, upon answer to which the correctness of the action of the trial court in refusing to strike out said pleading depends. The meaning of the word "transaction" is therefore of controlling importance. Pomeroy, in his work on Remedies and Remedial Rights, says:

"The difficulty in arriving at the true interpretation of the term 'transaction' lies in the fact that it had no strict legal meaning before it was used in the statute. Being placed in immediate connection with the word 'contract' and separated therefrom by the disjunctive 'or' one conclusion is certain at all events; namely that the legislature intended by it something different from and additional to 'contract.' The most familiar rules of textual interpretation are violated by the assumption that no such signification was intended. The only question at all doubtful is, how far did the lawmakers design to go, and how broad a sense did they attach to the word? Is it to be used in its widest popular meaning or must it be narrowed into some limited and technical meaning, and thus be made a term of legal nomenclature." Pomeroy, Remedies and Remedial Rights (2nd Ed.), §769.

The word transaction has been defined as "the management or settlement of an affair," Century Dict. "That which is done," Webster's Dict. "Transacting or conducting any business; negotiation; management; a proceeding," Worcester's Dict. "Transaction, as ordinarily employed, is understood to mean the doing or

performing of some matter of business between two or more persons." It is not confined to what is done in one day or at a single time or place.

The reading of the many decided cases upon the question, what is proper to set up by way of a counter-claim, fails to render the statute more definite or certain. The term "transaction" is perhaps as plain as it can be made. The question whether the matter set up as a counter-claim is or is not a matter "arising out of or connected with" the plaintiff's cause of action must necessarily continue to be uncertain in many cases, and the pleader, in a doubtful case, will be unable to find any general rule by which he or the court can be governed.

It has been held that in determining whether the respective claims asserted by the parties arise out of the same transaction, the court is not confined to the facts stated by the plaintiff, but may take into account the facts set up by the defendant, and will from them all determine whether the claims arise out of the same transaction. *Excelsior Clay Works* v. *DeCamp, supra,* and cases therein cited. It is true that the new facts which are proper for a defendant to introduce into a pending litigation by means of a cross-bill are such and such only as are necessary for the court to have before it in deciding the question raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action upon which the complaint rests his right to aid or relief. *Buscher et al.* v. *Volz et al.* (1900), 25 Ind. App. 400, 58 N. E. 269; *Wainright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8, and cases there cited. Yet the paramount purpose of the code as disclosed from the above cases is to do full and complete justice between the parties in the one action if possible. The object of the statute was to enable the

parties, by a single litigation to settle whatever claim either may have directly depended upon such a question and having such a factual relation when the law applicable thereto is applied that it can be said that they are connected with or grew out of the same transaction and this avoids a multiplicity of suits.

It will be noted that the statute is disjunctive and it is sufficient if the cross-complainant's claim is connected with the cause of action alleged by the plaintiff. A cause of action in favor of a defendant cannot arise out of the wrong which the defendant has done to the plaintiff. It may frequently arise out of the same transaction, and when it does, it may be set up by way of counter-claim. *Excelsior Clay Works* v. *DeCamp, supra.* The transaction out of which both plaintiff's and defendant's cause of action arose, was the contract for the exchange of real estate. The execution of the deed by appellees which contained the erroneous description of the real estate intended to be conveyed was not the transaction out of which their cause of action arose. Executing the deed was only one step in carrying out the whole transaction. The logical relation of facts under the proper rule of law determines whether they together constitute a single transaction. *First National Bank* v. *Wisdom's Ex'rs.* (1901), 111 Ky. 135, 63 S. W. 461. The appellants and appellee contracted for the exchange of real estate and in pursuance thereof appellee executed the deed which appellants sought by their complaint to correct in accordance with the contract. Appellants were seeking to have appellee fulfill the terms of his contract as he had agreed to do and as expressed in the contract, namely, to transfer by deed the property owned by appellee located at 1118 Tecumseh Street, Indianapolis, Indiana. Appellee had not by the deed which he had executed and delivered to appellants, completely fulfilled the terms of said con-

tract, by him to be performed, and appellants sought by their complaint to have appellee to do so. Thus the contract for the exchange of property was necessarily brought into the case. Both, the appellants' and appellee's action arose out of the contract for the exchange of real estate, and the matter set up in appellee's cross-complaint grew out of and was connected with the same transaction.

The court in the case of *Standley* v. *Northwestern, etc., Insurance Co.* (1884), 95 Ind. 254, had occasion to consider §373, Burns Ann. St. 1926, which shows the liberal construction applied to the courts. It was there said:

> "In defining a counter-claim the code provides that it 'is any matter arising out of or connected with the cause of action,' and if a strict construction were adopted the office of a counter-claim would be very much restricted, for the defendant would be confined to such matters as were connected with or grew out of the statement of the facts pleaded as constituting the grounds of the plaintiff's right to recover. A liberal construction has, however, been given to the code, and a counter-claim is good if it allege matters connected with the subject of the original action. Our cases do, indeed, go further, for they hold that a counter-claim may be maintained where it reaches the object of the action. . . . We do not say that this doctrine is expressed in direct terms, but it is the result of the decisions. It is a just result, and gives fair and beneficent effect to the spirit of the code, and is in accordance with the view of two of the leading authors on code pleading."

We can see no good reason why the whole controversy between the original parties should not be settled in one suit. No third party is involved. The matters in controversy all grow out of one transaction, and as we view the facts, the matters set up in appellee's cross-complaint clearly come within the spirit of our code if not within the strict letter thereof.

There is another strong reason for upholding the lower court's ruling on the motion to strike out the counter-claim. The record shows that on the ▮ day of trial, appellee tendered a corrected deed for the real estate traded to appellants and accepted by them. Whereupon appellants dismissed their complaint, and appeared to the cross-complaint, and went to trial thereon without objection. There was only one issue before the court formed by the cross-complaint, which in fact became only a complaint after the original complaint was dismissed, and an answer in general denial thereto. The case was tried on its merits, before the court, a finding and judgment for the plaintiff (cross-complainants). If there was any error in the court's ruling on the motion to strike out the cross-complaint, it was certainly rendered harmless by a subsequent dismissal of the complaint, leaving nothing to try except the issue formed by the cross-complaint and the answer in general denial thereto. Under the provision of §725, Burns Ann. St. 1926, all technical errors should be disregarded where it appears that the merits of the cause have been fairly determined by the trial court. *Driscall et al.* v. *Penrod, Admr., et al.* (1911), 176 Ind. 19, 25, 95 N. E. 313.

Appellant contends that the court erred in overruling the motion to strike out the evidence of two real estate men in regard to the value of the real estate in ▮ question. These two witnesses testified to the value of the property in question in September and October, 1926. The evidence showed that the house was new at the time of exchange and was practically in the same condition at the time of trial. The question was the value of the property at the time of trade, and the evidence, we think, shows these witnesses competent, upon a view of the property, to testify as to its value. No objection could properly be made to this

testimony. The fact that they did not see the property at the time of the exchange could effect only the weight and not the competency of their evidence. There was no error in this ruling.

There is another objection urged by appellant, and that is, that there was no evidence as against appellant Nellie D. Muir. The evidence shows that she was present at the time the deed was made, that she had full knowledge of what was being done, that she knew her husband retained the $200.00 as a commission, heard the discussion as to the value. She, with knowledge of the facts, received and still retains the fruits of the fraud, and under the principles laid down in *Bailey* v. *London Guarantee & Accident Co.* (1918), 72 Ind. App. 84, 121 N. E. 128, and cases therein cited, we think the evidence was sufficient to support the verdict against her.

We find no reversible error in the record. Judgment affirmed.