SCOTT ET AL. *v.* HOUSE

[No. 18,009. Filed May 1, 1950. Rehearing denied May 31, 1950.]

*Harold J. Anderson,* of Anderson, and *Fred E. Hines,* of Noblesville, for appellants.

*Busby, Davisson & Cooper,* of Anderson, and *Christian & Waltz,* of Noblesville, for appellee.

ROYSE, J.—The appellant Clara G. Scott is the sister of appellee. The appellant Cecil H. Scott is the husband of Clara G. Scott and when referred to singly hereafter will be referred to as the husband. This litigation arises out of a dispute between appellants and appellee over the rental income of certain real estate inherited by appellant and appellee from their father.

The facts as disclosed by the record may be summarized as follows: The father died in April, 1929. His wife, the mother of the parties, had died many years before. At the death of the father, by the terms of agreement in the settlement of his estate, appellee received as a portion of his share 116 acres of farm land situated in Hamilton and Madison Counties, Indiana. Appellant, appellee, and a brother and sister who are not involved in this litigation, each owned an undivided one-fourth interest in a business block in Anderson, Indiana. For many years prior to the death of

his father and thereafter until October, 1946 when the business block was sold, the appellee managed this property. He admitted he made no accounting as to this property from 1930 until it was sold. He paid the expenses of this property from the receipts and took the usual real estate commission for his work.

The record discloses a sharp conflict between the husband, the appellant and the appellee as to the terms of an agreement they made in reference to the afore-mentioned farm land of appellee. The appellee said that in a conversation in 1930 with the husband and appellant it was agreed they were to farm the land, rotate the crops and put his half in the elevator. Appellants' version of what transpired at this meeting is that appellee told the husband to take over and operate the farm and he would take care of appellants' interest in the business block. It is undisputed that the appellants farmed this land from 1930 to 1946 or 1947. The record discloses that during this time there were many disputes and arguments between the parties in reference to what was due appellee from appellants and vice versa. Many of these arguments were in the presence of the brother and sister of these parties. There was a sharp conflict in the evidence as to the amount appellee received from the appellants during the time they ran the farm. This is also true as to the manner in which the land was farmed.

In September, 1946 appellee commenced this action by his complaint in one paragraph against appellants for rent due him for the above referred-to farmland. To this complaint appellants filed an answer in three paragraphs, the first answer in admission and denial under the rules; the second pleading the six-year statute of limitations; the third for work, services and labor performed by the husband in the operation of the farm. Appellants also filed what they termed a cross-complaint

asking for an accounting by appellee on his operation of the business block.

The cause was tried to the court which found there was due appellee from the appellants the sum of $12,388.90, and that there was due appellants from appellee the sum of $4,869.08; that the amount due appellants should be offset against the amount due appellee from them. Judgment in favor of appellee for $7,529.82. The error assigned here is the overruling of appellants' motion for a new trial.

Appellants first contend there was error in the amount of recovery in that it is too large. In support of this proposition they say appellee brought suit for rent due and not for a balance due upon a mutual, open and current account. Therefore, he was limited to recovery of his rents to the six years immediately prior to the commencement of his suit; that the evidence was not sufficient to justify the amount of recovery for rent for such period.

While it is true his original action was upon a rent account, the evidence discloses a mutual, open and current account between the parties which arose out of the same transaction.

While the parties refer to appellants' "cross-complaint" the record discloses this case was tried on the theory that it was a counter-claim. Section 2-1018, Burns' 1946 Replacement. That is, that the respective claims of the parties grew out of the same transaction. It is the object of the statute to dispose of all connected matters in a single action and thereby avoid a multiplicity of suits. *Flanagan's Indiana Pleading and Procedure*, p. 229; *Muir et al.* v. *Robinson* (1933), 205 Ind. 293, 300, 186 N. E. 289; *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, 80 N. E. 981.

"A mutual, open, current account is an account usually and properly kept in writing, wherein are set down by express or implied agreement of the parties a connected series of debit and credit entries of reciprocal charges and allowances, where the parties intend that the individual items of the account shall not be considered independently, but as a continuation of a related series, and that the account shall be kept open and subject to a shifting balance as additional related entries of debits or credits are made thereto, until it shall suit the convenience of either party to settle and close the account, and where, pursuant to the original, express or implied intention, there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits, which liability is to be fixed on the one part or the other, as the balance shall indicate at the time of settlement, or following the last pertinent entry of the account." 1 Am. Jur., § 3, pp. 265, 266.

Considering as we must only the evidence most favorable to the appellee, we are of the opinion the record discloses the existence of a mutual, open, current account between the parties. The appellants' version of the original agreement supports this theory. This account was not terminated until the building was sold in 1946. Therefore, the six-year statute of limitations did not apply. Section 2-604, Burns' 1946 Replacement. See also, 54 C. J. S., p. 119, § 165d. Upon the record before us we cannot say the amount of the recovery is too large.

Appellants next contend the decision of the trial court is not sustained by sufficient evidence because the evidence shows conclusively the wife did not rent or farm any of appellee's land.

The record discloses the appellant was a party to the transaction relating to the management by appellee

of the business block and the taking over of the farm by the husband. She received and used the profits from the farm. Under these circumstances there was sufficient evidence to sustain the judgment against her.

Appellants next contend the decision is contrary to law because the appellee claimed and received credits for the expenditures and costs of operation of the business block as against the rental owing his sister without affirmatively pleading them as required by law. They assert the relationship of tenancy in common does not create the relationship of principal and agent. They assert where one *assumes* to act for his co-tenants a fiduciary relationship is created. But that is not the situation here. The record discloses that appellee had managed this property for many years prior to the death of his father. At about that time he made a settlement with each of his co-tenants in the sum of $5,000, which represented an accumulation of profits from the rents of this building. Subsequent to the death of his father he continued to manage and operate the property by agreement with appellants until it was sold. In our opinion this was sufficient to permit the court to find or reasonably infer he was acting as the agent of appellants in this matter. This being true, he was only liable for the net balance due them. *Vinton* v. *Baldwin* (1884), 95 Ind. 433; *Shaw, Adm'r.* v. *Ferguson et al.* (1881), 78 Ind. 547.

In view of what has been said heretofore, it is unnecessary to consider other questions presented by appellants in reference to the admission of evidence.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 91 N. E. 2d 853.