## Jay M. Rome et al v. State Highway Board

[154 A2d 604]

May Term, 1959.

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 1, 1959.

*Gannett & Oakes* for the appellants.

*Frederick M. Reed*, Attorney General, *Louis P. Peck*, Legal Assistant to the Attorney General, and *John D. Paterson* for the Highway Board.

Smith, J. This is a land condemnation case. The State Highway Board, pursuant to 19 V. S. A. §1866, by eminent

domain, took a twenty foot strip of land, together with certain slope rights, from the residential property of the appellants located in Brattleboro, Vermont. An award of $2,500 in damages was made by the State Highway Board to the appellants. An appeal from this award was taken by the appellants, under the provisions of 19 V. S. A. §§ 231-232 to the Windham County Court. Trial was had by jury and a verdict of $3000, plus interest, was rendered for the appellants, and judgment was entered thereon. The appellants are here on their appeal from the judgment, and their exceptions to the refusal of the lower court to receive certain evidence of damages, and on certain other exceptions to the charge of the lower court on damages.

The appellants were the owners of a parcel of real estate, 205 ft. in length and 135 ft. in depth, located on Allerton Avenue in Brattleboro. On this land they had built in the latter part of 1954 a one level house of contemporary construction, containing a number of modern and unique features. The neighborhood in which the house was located was conceded to be one of the better residential sections of Brattleboro.

On May 21, 1958 the appellants were notified by the Highway Board that a strip of land along the western boundary of their property, some twenty feet in width, plus slope rights, so-called, extending 5-6 ft. easterly from the easterly edge of the line of taking at the south boundary of their property to about 10 ft. from such easterly edge at the north boundary of their property were to be acquired by the State. There was no acquisition of the structures on the property.

Prior to the time of the jury trial in the Windham County Court, and after the time of the taking by the Highway Board the appellants sold the property here involved, minus, of course, the twenty foot strip taken by the Highway Board, and subject to the slope rights also taken, for the sum of $22,000.

It was agreed by both parties, and was so charged by the lower court, without exception, that the $22,000 established the fair market value of the appellants' premises after the taking by the Highway Board.

During the course of the trial before the Windham County Court the appellants produced as witnesses two real estate experts, Mr. Bittner and Mr. Conn. Both of these witnesses testified as to their opinions on the fair market value of the property of the appellants immediately before the taking by the Highway Board. Both based their opinions on value, in some part at least, on sales of comparable property in the same general neighborhood. Mr. Rome, one of the appellants, also testified as to his opinion on the fair market value of the premises owned by his wife and himself before the taking by the State.

The highway board also introduced evidence through two real estate experts, Mr. Little and Mr. Ratti, as to the value of the appellants' premises before the taking by the highway board. Both of these witnesses based their opinions on fair market value, in part at least, on the sales of comparable properties in the same general neighborhood.

The appellants also offered testimony, through a Mr. Butynski, the actual builder of the appellants' house, on the reproduction cost of building the same house at the time of trial. This evidence was sought to be introduced by the appellants on the question of the fair market value of their property before the taking by the highway board. The offered evidence was excluded by the trial court, and it is to this ruling that appellants have briefed their first exception.

■ 1. As this Court declared in *Demers* v. *Montpelier*, 120 Vt 380-387, 141 A2d 676, there is no exact formula that is available for the awarding of just compensation for the taking of property by eminent domain. In broadest terms the law measures damages by the market value rule, and awards the landowner the difference between the fair market value of the entire tract before the taking and its fair market value immediately after the taking.

There is no uniform rule on the admissibility of evidence of reconstruction costs of a building as evidence of fair market value in other jurisdictions. But the better reasoned cases hold that such evidence may be admissible, in the discretion of the trial judge, if there is not adequate evidence of sales of

property of comparable value in the same general locality. See annotation 172 ALR 244.

■ But the admission of such testimony must be predicated on the fact that the building, on which the evidence of reconstruction costs is offered, has been injured or destroyed by the taking of the land upon which it is located. See 29 CJS, Eminent Domain, §175, pp. 1045-1046.

There was no taking by the highway board in the instant case of the land upon which the residence of the appellants was situated. The house, in itself, was not destroyed or injured by the taking for which recovery is here sought. The admission of evidence on reconstruction costs was properly excluded.

2. The second exception briefed by the appellants is to the charge of the trial court on the question of damages. This exception is advanced first on the statement made by the court below in the course of its charge to the jury. At the beginning of its charge the court stated: "Hence, the issue for you to decide is what amount will be fair and just compensation to the petitioners for the land and slope rights taken from them by the State for the highway in question."

Standing alone this sentence was an erroneous statement of the law relating to the damages involved in the taking of land under the statute. But the statement is taken out of context. And the sentence objected to was immediately followed by the statement, "The amount of compensation which Mr. and Mrs. Rome are entitled to receive is the difference between the fair market value of their property just before and the fair market value just after the taking on June 16, 1958 based on the best available use for the property which the evidence shows is for residential purposes."

And, again, near the close of the charge, the trial court stated: "As the court has already instructed you, the issue for your determination is the amount of damages the petitioners are fairly entitled to receive as compensation for the land and slope rights taken by the State. The rule of damage is the difference in the value of the property just before and just after the taking on June 16, 1958."

After some further instructions to the jury on the deter-

mination of fair market value the trial court concluded by stating, "the difference, if any between $22,000 and the amount you find to be the fair market value of the property before the taking is the amount of damages that the petitioners are entitled to recover." To this part of the charge no exception was taken, and both parties based their jury arguments on this theory.

■ The measure of damages to be applied in this case was the difference between the fair market value of the property before and after the taking, and it was so argued by both parties to this action. *Essex Storage Electric Company, Inc.* v. *Victory Lumber Company*, 93 Vt 437, 448, 108 A 426. Because the fair market value of the property after the taking had been fixed at $22,000.00 by the sale of all of the remaining property of the appellants, the jury had only the question to consider of the fair market value of the property immediately prior to the taking. This Court has often stated that a charge is not to be considered piecemeal. An instruction claimed to be erroneous must be read in the light of what is said elsewhere on the same subject. *In re Moxley's Will*, 103 Vt 100, 114, 152 A 713; *Taylor* v. *Mayhew*, 109 Vt 251, 255, 195 A 249. Taking the charge as a whole, which we must, it is difficult to see how the jury could have been misled.

But the appellants also excepted to the failure of the lower court to charge upon the direct and proximate lessening in the value of land remaining to them after the taking by the State, as a separate matter for the consideration of the jury in the awarding of damages. It is appellants' contention that 19 V. S. A. §221 (2), "Damages resulting from the taking or use of property under the provisions of this chapter shall be the value for the most reasonable use of the property or right therein, and the direct or proximate lessening in the value of the remaining property or right therein, and the business thereon," made such charge mandatory on the part of the trial court.

Each case must be decided upon its own peculiar facts and circumstances. The peculiar circumstances in this case are that the appellants' premises had been sold after the taking,

and before the jury trial. And, as the appellant conceded, the sales price of $22,000 established the fair market value of the premises, after taking, as a fact to be accepted by the jury without further consideration.

Any charge by the court on lessening of value of the land remaining to the appellants after the taking could be directed only to the fair market value of the remaining appellants' land. And, since this was no longer a jury question, but a conceded fact, such a charge was not essential, and indeed might have been a confusing superfluity to the jury. The exception is not sustained.

*Judgment affirmed.*