# Vermont Electric Power Co., Inc. *v.* Robert Whitcomb et al

[181 A.2d 63]

March Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 1, 1962

*John D. Carbine* and *Edwin W. Lawrence* for the plaintiff.

*Francis D. Foley* and *Joseph C. McNeil* for the defendants.

**Smith, J.** The appellant, Vermont Electric Power Company, Inc., acquired a right of way for the transmission of electrical energy across the property owned by the appellees, Robert and Kathryn Whitcomb, in the town of Essex, by virtue of an order from the Public Service Commission. The Whitcombs appealed to the county court from the order of the Public Service Commission, but only as to that part of the order which awarded them damages for the easement placed upon their property. The jury verdict in the county court awarded the sum of $30,000 to the Whitcombs in damages, and from that verdict and judgment the Power Company has brought its appeal here, briefed

upon an exception to a portion of the charge of the lower court, and upon an exception to the admission of certain expert testimony as to damages admitted by the court over the objection of the appellant.

The first exception of the appellant is to a portion of the charge of the lower court which we now quote, "As I remember it, the evidence in this case ranges from a maximum valuation of the property before the taking of $290,000 to a minimum valuation after the taking of $220,000 and your verdict should be between these ranges."

Admittedly the court was in error in using the figure of $220,000 as the minimum valuation figure, which the evidence disclosed to have been $225,000. No importance, however, is attached to this mathematical error by the appellant. The appellant's claim of error is that the trial court in the above statement coupled the maximum figure testified to by one witness with the minimum figure testified to by another witness, and that the difference between the two figures thus given produced a possible maximum sum of damages not testified to by a single witness. Although the jury verdict was for far less than the maximum range mentioned by the court, it is appellant's contention that the instruction which would possibly have permitted such a verdict was reversible error.

The appellant cites no law in support of this position. The claim is that none could be found, possibly because no previous charge of this nature had ever been delivered. An equal possibility might also be that no claim of error had previously been claimed in charges of a similar nature.

This Court has often stated that a charge is not to be considered piecemeal. An instruction claimed to be erroneous must be read in the light of what is said elsewhere on the same subject. *Rome* v. *State Highway Board*, 121 Vt. 253, 257, 154 A.2d 604.

Both parties here agreed that the measure of damages in this case was the difference between the fair market value of the property before and after the taking and the court so charged. Much of the evidence here on damages was given by expert witnesses, produced by both of the parties. A reading of the entire charge disclosed that the lower court correctly charged that the weight of the expert testimony was for the determination of the jury. The court further charged that it was the recollection by the jury of the testimony given that was to govern them in reaching a decision in the case. The charge also de-

clared to the jury, "you are further instructed that it is your sole duty to determine the facts in this case and the facts in this case are the amount of damages." This was followed by, "We do not intend to instruct you as to how much the damages are, that is for you and you alone."

Taking the charge as a whole, as we must, it is difficult to see how the jury could have been misled in any way in arriving at its verdict on damages by reason of the excerpt from the charge to which exception was taken.

■ If it is the contention of the appellant that the remarks of the lower court relative to the possible range of damages in the case was in error because it allowed the jury to use the minimum figure of one witness and the maximum figure of another in arriving at a verdict for damages, then such contention is met by another portion of the charge. Referring to the testimony of the witnesses, the court said, "You may believe as much or as little of the testimony of each one as you think you ought to; you can believe it all, not believe any of it, or believe part, or disbelieve part." No exception was taken to this part of the charge, which has been used in this jurisdiction from time immemorial. By its direction a jury is at liberty to accept the testimony of one witness as to a figure he may testify to, but reject another figure given by the same witness. On the second figure the jury would be equally free to accept the testimony of a second witness while rejecting the second witness' testimony on the fact concerning the first figure. The appellant takes nothing by its exception. The sum of $30,000 which was the amount of damages awarded by the jury to the plaintiff, is within the range of the testimony of the various witnesses and is consistent with the evidence. It has not been made to appear that the jury failed to reach a fair and just verdict. *In re Petition of Bolduc*, 121 Vt. 20, 24, 146 A.2d 240.

The appellant has next briefed its exception to the court's admitting into evidence the testimony given by the witness Ratti as to the damage suffered by the property of the appellees. The appellant admits that Ratti is an expert on real estate valuation, but bases its objection upon the fact that Ratti, in this instance, based his evaluation of damage upon an examination of the property made some two years after the actual taking of it.

The easement here taken is a strip of land one hundred and fifty feet wide which crosses the property of the Whitcombs for about a mile and one-half. It took about thirty acres out of the total farm acreage of six hundred and forty acres. Mr. Ratti testified that he spent several days going over the entire Whitcomb property, including the right of way. He talked with Mr. Whitcomb relative to the condition before and after the taking. It was also his testimony that because the greater part of the right of way ran through land that was brushy and wooded, with the land adjacent to the easement on both sides having remained unchanged, that he was able to visualize the appearance of the entire tract before the alteration of that part used for the right of way.

In connection with the claim of the appellees of damage to certain parts of their premises to be used for building lots by reason of the easement, Ratti also made a study of housing needs in that vicinity, covering periods just before and subsequent to the attaching of the easement to the property.

 Our rule is that the latitude allowed the trial court in passing upon opinion evidence is nowhere greater than that pertaining to the market value of property being acquired in condemnation proceedings. *Farr* v. *State Highway Board,* 122 Vt. 156, 161, 166 A.2d 187. The exact degree of familiarity of the witness with the property is a question for the trial court in each case.

It is true that this witness made his examination of the property two years after the condemnation proceedings, so that his opinion of value at the time of the taking is based upon an examination of the property made two years thereafter. It is the appellant's contention that for this reason the testimony of the witness was incompetent under the law as set forth in *LeBlanc* v. *Deslandes,* 117 Vt. 248, 90 A.2d 802.

In the LeBlanc case the witness whose testimony was excluded made only a partial examination of the premises. He made no examination of the woodland or the sugar bush, upon which the plaintiff based much of his claim of false representation and damage, nor did the witness examine the boundaries of the farm, or have any knowledge of its extent. This Court found that knowledge on the part of the witness of these subject matters was vital to his competency as a witness to the value of the farm, and that the witness did not possess such knowledge.

A reading of the supplemental opinion of the court, written after hearing on motion for reargument, clearly indicates that this was the essential reason for the ruling of the court on his competency, rather than the fact that what examination of the premises he did make was made two years after the time upon which his opinion was based.

In the instant case the witness testified to his familiarity with the entire property after an examination of all of the premises extending over several days. The familiarity of the witness with the property to whose value he testified is not questioned here as was that of the witness in the LeBlanc case. The only point here raised is as to the witness giving an opinion of value as of two years prior to the time he examined the property. This is a different set of circumstances than existed in the LeBlanc case. Under the circumstances here existing, the fact that the witness did not make his actual examination of the property until two years after the taking of the easement affected only the weight of the evidence given and not its competency. *Muir* v. *Robinson,* 205 Ind. 293, 186 N.E. 289, 293.

The competency of the witness was a preliminary question for the court to decide before receiving the testimony into evidence, and if supported by evidence of qualification, the ruling on competency is not to be disturbed. *LaBounty* v. *LaFleur,* 113 Vt. 226, 227, 32 A.2d 124. We find that there was such evidence of qualification, and the only question remaining was that of the weight of the testimony so given which was a question for the triers of the fact. The appellant takes nothing by its exception.

While the appellant has presented a third exception for consideration by this Court it has admitted in both brief and oral argument that unless the previous claims of error, just decided, were upheld by the Court, the third issue presented is not before us. With this we agree.

*Judgment affirmed.*