### William H. Milton Smith and Marjorie Smith
### v.
### State Highway Board

[ 209 A.2d 495 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*Joseph S. Wool* and *John B. Harrington* for plaintiff.

*Keith B. King* for the State.

**Holden, C. J.** The defendant state highway board appropriated nearly five acres of land for the construction of Interstate Highway 89. The land taken is situated on both the east and west sides of U.S. Route 7 at its northernmost extremity where the highway intersects the international boundary between the United States and the Dominion of Canada.

The condemned parcels front on Route 7 and were carved out of an 82-acre farm. The farm similarly lies on both sides of the highway, and extends across the international line into the Province of Quebec. The land appropriated contained three structures. A building, originally designed as a motel, but never completed, had been moved on to the east strip some years before. Prior to the taking, this building was used for storage purposes. Also located on the east strip was a building leased by the plaintiffs to a customs brokerage business. The third building was the residence.

The south portion of the farmhouse was located on the west strip. The northern part of the farmhouse was situated on land, north of the international line, which had been previously conveyed by the plaintiffs to the Canadian Government. Despite this conveyance, the entire farmhouse was occupied by the plaintiffs. The plaintiff testified this occupancy was according to a verbal understanding with the Canadian Government that he could remain there as long as he wished, or until the land on which the north portion of the dwelling stands should be needed for construction of a customs house.

The plaintiffs appealed the initial compensation awarded by the highway board, to the Franklin County Court. In the trial by jury which followed, the plaintiffs' evidence on compensatory damages was presented by way of two expert witnesses on real estate appraisals. Although the opinions of these witnesses differed as to amounts, they concurred in the theory and method of valuation.

Both witnesses valued the land and buildings taken by the defend-

ant. The land was appraised on a front-foot basis. This method was adopted by the witnesses on the strength of their opinions that the most valuable use of the property was commercial.

The buildings contained on the land were valued separately. The residence and the incomplete motel structure were appraised by estimate of replacement cost, less adjustment for depreciation. The leased brokerage property was appraised by a method involving capitalization of rental earnings.

On the strength of this evidence the jury returned a verdict for the plaintiffs in the amount of $38,250. A special verdict reported the valuation of the land and buildings at $38,000.

The defendant appeals from the judgment on the principal contention that the evidence upon which the jury award rests resulted in duplication of compensation to the landowner. The question was saved throughout the trial by numerous objections to the evidence, by written requests for specific instructions to the jury, and finally by motion to set aside the verdict.

Just compensation for the appropriation of private property for highway purposes is the "value for the most reasonable use of the property — and the direct and proximate lessening in the value of the remaining property —." 19 V.S.A. §221(2). There is no exact formula to direct the inquiry, but in general, the law of this jurisdiction is committed to the market value rule. This entitles the owner to compensation which measures the difference between the fair market value of the entire tract before the taking, and the fair market value of the residue after the appropriation. *Essex Storage and Electric Co.* v. *Victory Lumber Co.,* 93 Vt. 437, 438, 108 Atl. 426; *Nelson* v. *State Highway Board,* 110 Vt. 44, 53, 1 A.2d 689; *Demers* v. *City of Montpelier,* 120 Vt. 380, 387, 141 A.2d 676; *Rome* v. *State Highway Board,* 121 Vt. 253, 257, 154 A.2d 604.

■ The language of the statute requires that the value shall not be limited to the market for the present use of the property. It is the most reasonable use to which the property is suitable and adaptable that controls. 19 V.S.A. §221(2) ; see also 18 Am. Jur. Eminent Domain, §244; 29 C.J.S. Eminent Domain, §160.

■ Buildings and other improvements which add to the value of the land in its most reasonable use will contribute to the total market value of the property taken. By the same token, a structural improvement might add little or nothing to value of the condemned property

unless it is of such nature and character that it is adapted to some potential or prospective use from which the land derives its principal worth. *People* v. *Ocean Shore Railroad, Inc.,* 32 Cal. 2d 406, 196 P. 2d 570, 6 A.L.R. 2d 1179, 1196.

■ The owner's recovery is to be measured by the market value of the land together with its improvements considered as a whole. To be sure, the value of several buildings are proper factors to be considered in arriving at the true market worth of the entire property. The extent to which the improvements contribute to the total award depends on how much they add to the overall market value of the property as a unit, in the light of its most reasonable use. But like mineral deposits, they are not subject to a separate valuation apart from the land which contains them. And while material to the market value, the independent replacement or construction costs are not recoverable as such. *Farr* v. *State Highway Board,* 123 Vt. 334, 337, 189 A.2d 542; *Demers* v. *City of Montpelier,* supra, 120 Vt. at 389; 18 Am. Jur. Eminent Domain, §254, p. 891; 29A C.J.S. Eminent Domain, §175(1), p. 743.

■ This is not to say that construction costs are not admissible as a circumstance to be considered with other factors in certain instances. See *Rome* v. *State Highway Board,* supra, 121 Vt. at 256. But cost and value are not equivalent terms. *Demers* v. *City of Montpelier,* supra, 120 Vt. at 389.

■ The valuation presented by the plaintiffs, when coupled with the denial of appropriate cautionary instructions requested by the defendant, permitted the jury to base its award on the commercial value of the vacant land and then add to that sum, the depreciated construction cost of the separate buildings, whether adapted to commercial use or not. Because the verdict was based on a theory of damage not permitted by the statute, it cannot stand. *Spear* v. *State Highway Board,* 122 Vt. 406, 409, 175 A.2d 511.

Since the cause must be remanded for retrial, it is appropriate to pass on other points raised by the appeal.

The Court excluded evidence offered by the defendant directed to the separate valuation of a small parcel of farm land north of the Canadian border. This land was not subject to condemnation by the defendant. While it was a part of the farm, remaining after the taking, and could be considered in that relation, it was not properly subject to separate valuation. The jury were required to evaluate the farm as a unit, before and after the appropriation. *Essex Storage and Electric Co.* v. *Victory Lumber Co.,* supra, 93 Vt. at 447. There was nothing

in the defendant's offer to justify evaluation of this parcel distinct and apart from the main farm.

The defendant requested the court to instruct the jury that they could consider that the northern segment of the farmhouse was subject to removal at the request of the Canadian Government. This was the tendency of the evidence. It had a bearing on the market value of the entire farm property before the present condemnation proceedings were instituted. Since it was brought to the court's attention by written request, the instruction indicated should have been granted.

The remaining requests to charge concerned access to the residual property from the Canadian side and the effect of the halting of traffic at the site for customs inspection. These points were barely touched upon in the record, and then with some equivocation. In any event, they were not essential to the main issues of the case. And while they were the subject of discussion in the proof, the court below was not bound to make every conceivable comment suggested by the evidence, even though requested. *State* v. *Fairbanks*, 101 Vt. 30, 40, 139 Atl. 918.

*Judgment reversed and cause remanded.*