**Edwin C. Smith and Avis K. Smith v. State Highway Board**

[262 A.2d 486]

No. 595

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 3, 1970

*Davis, Martin & Free,* Barre, for Plaintiff.

*James M. Jeffords,* Attorney General and *Richard M. Finn,* Assistant Attorney General for the State.

**Holden, C.J.** The plaintiffs are the owners of a farm which contained some five hundred thirty-five acres in the town of St. Albans. The state highway board condemned forty-eight and one-half acres of the farmland for the construction of a section of the interstate highway system, a connecting link to Highway 104 and a traffic interchange. The jury awarded compensation for the taking in the amount of $39,710. The county court ordered judgment on the verdict.

The plaintiffs bring this appeal. They claim the award is legally defective for the reason that the trial court permitted the jury to consider whether the remaining farm would gain special benefit as a result of the condemnation. They also assign error to the court's instruction on this aspect of the case.

The section of the highway law which bears on the point is 19 V.S.A. § 221(2). It provides:

> Damages resulting from the taking or use of property . . . shall be the value for the most reasonable use of the property or right therein, and of the business thereon, and the direct and proximate lessening in the value of the remaining property or right therein and the business thereon. The added value, if any, to the remaining property or right therein, which inures directly to the owner thereof as a result of such taking or use, as distinguished from the general public benefit, shall be considered in the determination of damages.

Over the plaintiffs' objection the defendant presented evidence, by way of a real estate appraiser, to the effect that the remaining land immediately adjacent to the interchange would increase in value in the next five years by reason of being located nearby this facility. The opinion of the witness in this respect was based on past experience with similar interchanges in Vermont. He went on to explain that farmland in this situation changed to other uses which commanded a higher value in the market. He referred to residential and commercial use of land adjoining highway interchanges. He concluded that the plaintiffs' frontage, adjacent to that taken for the traffic interchange, would increase in value.

Later the court instructed the jury that the—"added value, if any, to the remaining property or right therein, which inures directly to the owner thereof as a result of such taking or use, as distinguished from the general public benefit, shall be considered in the determination of damages." The plaintiffs' counsel objected to this aspect of the charge for the reason that the evidence did not justify submitting the question of any increase in value to the remaining lands of the plaintiffs as a result of the taking. It was also indicated to the court that the question of special benefit was not properly submitted for the

reason that any resulting benefit to the plaintiffs was not special in nature, but applied to the public generally.

In dealing with this aspect of the statute, Chief Justice Hulburd explained its purpose. "The legislative intent is clear enough. The lawmakers have in mind that if a landowner's compensation for land taken were to be reduced on account of a benefit received by him in common with the general public, then he, in effect, would be compelled to pay for such benefit while his neighbors in the area, who contributed no land to the project, would receive the same benefits without charge." *Howe* v. *State Highway Board,* 123 Vt. 278, 282, 187 A.2d 342. Accordingly, we held that the potential increase in flow of traffic, resulting from construction of an interchange on the interstate highway system, is not to be regarded as a special benefit to the adjacent lands retained by the condemnee. *Farrell* v. *State Highway Board,* 123 Vt. 453, 457, 194 A.2d 410; *Howe* v. *State Highway Board, supra,* 123 Vt. at 283.

Value enhanced for commercial purposes by increased traffic, and a rise of market value for reasons of easy accessibility are substantially the same in cause and effect. The increase in worth is not distinctively peculiar to the lands from which the condemned segment was taken. The increment is shared by all the property in the neighborhood of the newly constructed facility.

The evidence which the defendant presented to the jury tended to mitigate the award, by projecting an increase in value to the plaintiffs' remaining land. It was received in error, for value is to be assessed as of the time of taking. *Children's Home* v. *State Highway Board,* 125 Vt. 93, 95, 211 A.2d 257; *Rome* v. *State Highway Board,* 121 Vt. 253, 255, 154 A.2d 604.

The court's subsequent instruction on the subject of added value and special benefit to the plaintiffs, conveyed the case to the jury on an incorrect statement of the issues material to a rightful decision. *Kinsley* v. *Willis,* 120 Vt. 103, 112, 132 A.2d 163. Moreover, it is of comparable fault that the court's charge left the jury without any curative instruction as to how they were to differentiate between general and special benefit. No guidance was given to aid them in determining whether the added value inured as a private advantage to the

plaintiffs, or if it was shared publicly with other landowners in the area. *Howe* v. *State Highway Board, supra,* 123 Vt. at 281. Since the evidence, coupled with the instruction which followed, had the capability of prejudicing the plaintiffs' award, the error is substantial. *Commercial Credit Plan, Inc.* v. *Beebe,* 123 Vt. 317, 322, 187 A.2d 502.

The highway board contends that the verdict can be saved on the strength of the record to the effect that the verdict lies within the range of the expert evidence on the question of aggregate damage. The defendant also urges that there is no showing by the plaintiffs that the award is not fair and just, citing *Vermont Electric Power Company* v. *Whitcomb,* 123 Vt. 87, 89, 181 A.2d 63.

In the Whitcomb case, in instructing the jury, the trial court incorrectly referred to the expert testimony regarding the minimum valuation of the remaining property after the appropriation of a right of way for electric transmission facilities. There was no misdirection concerning mitigating considerations contrary to the intent and purpose of the statute.

Elements of damage and factors in mitigation must be proved and submitted under proper instructions to enable the jury to make an intelligent assessment of the claimants' loss. *Trombetta* v. *Champlain Valley Fruit Co.,* 117 Vt. 491, 494, 94 A.2d 797. The charge of the court in submitting a cause "should be full, fair and correct on all issues, theories, and claims within the pleadings, so far as the evidence requires." *Morse* v. *Ward,* 102 Vt. 433, 436, 150 A. 132 (Powers, C.J.).

Whether the jury's verdict represents adequate compensation to the landowner, as the defendant contends, is not for us to say. It was not just in the sense that it was returned on evidence erroneously received and instructions that went beyond the intent and purpose of the statute which governs compensation for lands thus taken. *Howe* v. *State Highway Board, supra,* 123 Vt. at 284, 187 A.2d 342.

*Judgment reversed and cause remanded.*