## Edwin C. Smith and Avis K. Smith v. State Highway Board

[292 A.2d 814]

No. 126-70

Present: Shangraw, C.J., Barney, Keyser and Daley, JJ., and Underwood, Supr. J.

Opinion Filed June 6, 1972

*Richard E. Davis,* Barre, for Plaintiffs.

*James M. Jeffords,* Attorney General and *Richard M. Finn,* Assistant Attorney General, for Defendant.

**Keyser, J.** This case was here previously which resulted in a reversal of the judgment and a remand for retrial. See 128 Vt. 336, 262 A.2d 486 (1970). The sole question for resolution raised by the instant appeal is whether the lower court erred in its determination of the amount of compensation which the plaintiffs were entitled to receive in the taking of their land by the state for highway purposes.

Trial was by court which found the amount of damages was $61,000. The judgment order provided for the payment of $38,160.33 from which the state appealed.

In order to have access to land lying easterly of the Interstate Highway, the state constructed an underpass at plaintiffs' request under 19 V.S.A. § 227(b). Because of its larger than standard size, the plaintiffs' portion of the cost to have it installed was stipulated at the necessity hearing to be $11,000. The dispute here centers around the treatment of this cost figure by the court. At the time of the trial on remand, the underpass had already been constructed. Although damages in a condemnation proceeding are determined as of the date of the taking, *Children's Home, Inc.* v. *State Highway Board,* 125 Vt. 93, 211 A.2d 257 (1965), the parties, because of the foregoing fact, stipulated otherwise at the time of the second hearing.

The appellant contends the parties agreed that the testimony of all of the expert witnesses was to be based on the assumption that the underpass was in fact in existence and the before and after valuations of the respective witnesses were to reflect this fact. However, the transcript of the evidence does not support this claim of appellant.

The transcript, at the point referred to by appellant, shows the following colloquy between the court and counsel:

> "The Court: Now, gentlemen, some things, I think, have transpired in this case that are not—as my recollection is—presently part of the record. It's my understand-

ing from the conference with counsel in the chambers that not only Mr. Willey's testimony but the testimony of the other expert witnesses who are to be adduced here is, by agreement of counsel, to be based on the assumption of the existence of this underpass as reflected in the after value of the farm in question; is that correct?

Mr. Davis: That's my understanding.

Mr. Finn: Yes, your Honor . . . .

The Court: I take it, gentlemen, you have had an opportunity during lunch hour to check the original stipulation which is on file here; and it does provide for the deduction of eleven thousand dollars from the ultimate amount of any award made. Is that correct, gentlemen?

Mr. Finn: Yes, sir . . . .

Mr. Davis: That's what I stated this morning your Honor . . . ."

The foregoing understandings which express the method of determining the damages, being agreed to, became the law of the case. *Merrill* v. *Reed,* 123 Vt. 248, 185 A.2d 737 (1962).

Therefore, contrary to appellant's claim, the record refutes that the existence of the underpass was agreed to be used by all of the experts in their opinions of both the before and after valuations. It is abundantly clear under the agreement that the existence of the underpass was not to be considered relative to the before taking value.

The court found that prior to the taking the fair market value of the property in question was $130,000. The court also found:

"13. We find that the fair market value of the property not taken, after the taking, and after installation of the underpass at a cost to the plaintiffs of $11,000, was $80,000.

14. The fair market value of the lands and rights taken we find to be $20,000.

15. The severance damage to the remainder of the property not taken we find to be $30,000, after the installation of the underpass.

16. The total damages sustained by the plaintiffs as a result of the taking we find to be $61,000."

The judgment order provided that the state pay the plaintiffs "the sum of $61,000 less Plaintiffs' share of cattle pass in the amount of $11,000 for a balance of $50,000." After adjustments for payments already made, plus interest and costs, the court fixed the total amount of $38,160.33 was payable to the plaintiffs.

The appellant argues that the court, having found the before value of the property was $130,000 and the value after the taking was $80,000, proceeded to add the $11,000 to the difference between these figures, that is, $50,000 plus $11,000. Appellant says it was error for the court to add the $11,000 figure to the $20,000 value of lands taken and $30,000 severance damage.

■ According to Finding 13, *supra*, it is clear that the after taking value of the property not taken was enhanced to $80,000 because of the installation of the underpass which cost the plaintiffs $11,000. In other words, the plaintiffs had made an investment of $11,000 which was a contribution to the after value of the property and the state is not entitled to have any credit or benefit for it. Without the underpass the after valuations of the witnesses would have been different.

The position taken by the court in determining plaintiffs' compensation is expressed in Finding No. 7 thus:

> "7. .... Since the actual value of the underpass exceeded the $11,000 which the plaintiffs are contributing to its construction, their damages, as a matter of mathematical calculation, are equal to the value of the property before the taking, less its value after the taking, plus the $11,000 they are contributing to achieve that after-taking value."

The value of the lands taken is $20,000 and the severance damage is $30,000 *after* the installation of the underpass. These amounts total $50,000 and, after adding the value of the underpass of $11,000, the total damages are, as the court found, $61,000. The same amount of damages is arrived at by deducting the $11,000 from the $80,000 valuation given in Finding No. 13 and subtracting this figure of $69,000 from the value before the taking determined in Finding No. 10 at $130,000.

The findings are supported by the record and the judgment is without error. *Lane Construction Corp.* v. *State,* 128 Vt. 421, 265 A.2d 441 (1970).

*Judgment affirmed.*